UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILFINGER INC.                                    CIVIL ACTION

VERSUS                                            NO. 22-2574

GALATA CHEMICALS, LLC                             SECTION M (3)


## ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by defendant Galata Chemicals, LLC ("Galata Chemicals") arguing, with supporting evidence, that this Court lacks diversity subject-matter jurisdiction because Galata Chemicals and plaintiff Bilfinger Inc. ("Bilfinger") are both citizens of Delaware.[1]  Bilfinger responds in opposition, arguing that jurisdictional discovery is warranted to determine whether Galata Chemicals changed its citizenship on the day the complaint was filed in order to defeat diversity subject-matter jurisdiction.[2]  Galata Chemicals replies in further support of its motion, arguing that jurisdictional discovery is unnecessary because it has proved that it was a citizen of Delaware when suit was filed.[3]

Bilfinger filed this action alleging state-law claims and asserting diversity subject-matter jurisdiction.[4]  District courts have subject-matter jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332(a).  "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."

---

[1] R. Doc. 9.
[2] R. Doc. 7.
[3] R. Doc. 14.
[4] R. Docs. 1; 3.

*Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)) (alteration omitted).  The citizenship of the parties when suit is filed controls for purposes of the jurisdictional inquiry.  *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019).

A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Bilfinger is incorporated in Delaware and has its principal place of business in Texas.[5]  Thus, it is a citizen of Delaware and Texas.

The citizenship of a limited liability company is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).  "So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'"  *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding*, 851 F.3d at 536).  When this suit was filed by Bilfinger, Galata Chemicals had one member, Galata Chemical Holdings, LLC ("Holdings"), which also had only one member, Artek US Holding Corporation ("Artek"), which is incorporated in Delaware and has its principal place of business in New Jersey.[6]  Thus, Galata Chemicals, through Holdings and Artek, is a citizen of Delaware and New Jersey.

Because Bilfinger and Galata Chemicals are both citizens of Delaware, there is no complete diversity of citizenship between the parties and this Court lacks subject-matter jurisdiction.  Accordingly,

IT IS ORDERED that the Galata Chemical's motion to dismiss for lack of subject-matter jurisdiction is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE.

---

[5] R. Doc. 3 at 2.
[6] R. Doc. 5-1 at 6.

New Orleans, Louisiana, this 2nd day of November, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE